IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,373-01






EX PARTE LESLIE KYLE HAMMONDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11,227-A IN THE 46TH DISTRICT COURT


FROM WILBARGER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance in a drug free zone and sentenced to 25 years' imprisonment. He did not
appeal his conviction. 

 Applicant contends that his plea was involuntary because of counsel's ineffective assistance. 
Specifically, Applicant alleges that counsel advised him that he would be sentenced to 40 years'
confinement unless he pleaded guilty. He alleges that counsel only met with him twice, failed to
investigate the case, and that he therefore had no choice but to plead guilty. Applicant alleges that
if counsel had investigated further, counsel would have discovered that the stop was illegal as
Applicant had not committed a traffic violation. Further, counsel would have discovered that 
Applicant was not stopped in a drug fee zone. Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court may rely on its
personal recollection. Id. The trial court shall order counsel to file an affidavit addressing the
following: (1) whether counsel investigated the validity of the stop in Applicant's case and, if so,
what counsel discovered; (2) whether counsel believed that Applicant was stopped in a drug free
zone and, if so, why; (3) whether counsel advised Applicant that he would be sentenced to 40 years'
confinement unless he pleaded guilty and, if so, why; (4) whether counsel believed that pleading
guilty was in Applicant's best interest and, if so, why; and, (5) whether counsel believed that
Applicant's plea was freely and voluntarily entered. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial court shall make findings of fact as to
whether counsel investigated the validity of the stop in Applicant's case. The trial court shall make
findings of fact as to whether counsel believed that Applicant was stopped in a drug free zone. The
trial court shall make findings of fact as to whether counsel advised Applicant that he would be
sentenced to 40 years' confinement unless he pleaded guilty. The trial court shall make findings of
fact as to whether counsel believed that pleading guilty was in Applicant's best interest. The trial
court shall make findings of fact as to whether counsel believed that Applicant's plea was freely and
voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 



Filed: September 16, 2009

Do not publish